No. 741 October 16, 2024 539

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. I. S.,
*Appellant.*

Multnomah County Circuit Court
19JU00062
A182644 (Control)

In the Matter of K. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. I. S.,
*Appellant.*

Multnomah County Circuit Court
19JU00063; A182646

Francis G. Troy, II, Judge.

Argued and submitted May 15, 2024.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F.

Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kistler, Senior Judge.*

PER CURIAM

Affirmed.

_____

* Egan, J., *vice* Jacquot, J.

## PER CURIAM

The juvenile court denied mother's motion to dismiss dependency jurisdiction over her two children, K and L. Mother assigns error to that ruling, arguing that the Department of Human Services (DHS) failed to prove that, at the time of the hearing in September 2023, the children remained at risk of serious loss or injury due to mother being unable or unwilling to protect them from exposure to domestic violence and exposing them to unsafe people. DHS maintains that the juvenile court correctly denied the motion, because the circumstances that brought the children into dependency jurisdiction had not been adequately ameliorated and the children remained at nonspeculative risk. We conclude that DHS met its burden—albeit narrowly—and, accordingly, affirm.

We review the denial of a motion to dismiss dependency jurisdiction for legal error and, in doing so, "view the evidence, as supplemented and supported by permissible derivative inferences, in the light most favorable to the juvenile court's disposition." *Dept. of Human Services v. D. L.*, 308 Or App 295, 297, 479 P3d 1092 (2020), *rev den*, 367 Or 668 (2021). The question is whether the evidence, so viewed, "was sufficient to permit the challenged determination." *Id.* (internal quotation marks omitted). Here, the permanency plan is reunification, so it was DHS's burden to prove by a preponderance of the evidence that, at the time of the hearing in September 2023, (1) the bases for jurisdiction continued to pose a current threat of serious loss or injury to the children, and (2) that risk would likely be realized absent dependency jurisdiction. *Dept. of Human Services v. T. L.*, 279 Or App 673, 685, 687, 379 P3d 741 (2016).

The juvenile court first asserted dependency jurisdiction over the children in February 2019, based on father exposing them to domestic violence, mother's inability to protect them from father's domestic violence, and mother exposing them to unsafe people. Mother moved to dismiss jurisdiction. In September 2023, the juvenile court denied the motion, citing, with respect to mother,[1] mother's "ongo-

---

[1] Father is not a party to this appeal, and the jurisdictional bases relating to him are not at issue.

ing minimization and denial" regarding past domestic violence and the fact that mother was in the "early stages" of domestic-violence treatment.

Having reviewed the record in accordance with the standard of review, we conclude that, although it is a close case, DHS met its burden, such that the juvenile court did not commit legal error in declining to dismiss jurisdiction in September 2023. Although the court could have reached a different decision, had it viewed the evidence a little differently, we cannot say that it committed legal error, because we must view the evidence in the light most favorable to the court's disposition, not in the light most favorable to mother. We therefore affirm.

Affirmed.